# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THEODORE E. WITCHLEY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>ACTING COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>)<br>Defendant. )<br>_____) | Case No. 12-1137-CM |

## **MEMORANDUM AND ORDER**

Plaintiff Theodore E. Witchley brings this action pursuant to 42 U.S.C.§ 405(g) seeking judicial review of the Commissioner's denial of plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq. Finding error in the Administrative Law Judge ("ALJ")'s analysis of plaintiff's residual functional capacity ("RFC"), the court reverses the decision of the Commissioner and remands the case for further proceedings consistent with this order.

## **I.    Background**

Plaintiff alleges that neck, shoulder, knee, and foot pain, as well as mental impairments, make him disabled. Plaintiff protectively filed for disability insurance benefits and supplemental security income in 2009. Plaintiff's claim was denied initially and on reconsideration. Following a hearing, an ALJ found that plaintiff was not disabled in a decision dated May 17, 2011. On February 16, 2012, the

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d)(1), Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

-1-

Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner.

## II. Legal Standard

Under 42 U.S.C. § 405(g) this court applies a two-pronged review to the ALJ's decision. This review determines (1) whether the ALJ's decision is supported by substantial evidence in the record as a whole and (2) whether the ALJ applied the correct legal standards. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). "Substantial evidence" means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). In its analysis, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ. *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability. *Hunter*, 321 F. App'x at 792. A disability requires an impairment—physical or mental—that renders one unable to engage in any substantial gainful activity. *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). An impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ uses a five-step sequential process to evaluate disability claims. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted). But the ALJ may stop once she makes a

disability determination; she need not proceed to subsequent steps if she concludes that a claimant is or is not disabled at an intermediate step. *Id*. Step one requires the plaintiff to demonstrate that she is not engaged in substantial gainful employment activity. *Id*. If the plaintiff meets this burden, then the ALJ proceeds to the second step. Step two requires the plaintiff to demonstrate that she has a "medically severe impairment or combination of impairments" that severely limits her ability to do work. *Id*. (internal quotation omitted). At this point, if the plaintiff cannot show that her impairments would have more than a minimal effect on her ability to do work, then the ALJ may determine plaintiff is not disabled. *Id.* at 751. If the plaintiff meets the de minimis showing, then the ALJ proceeds to step three. *Id*.

At step three, the ALJ compares the plaintiff's impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity. *Id*. If the plaintiff's impairment matches one on the list, then a finding of disability is made. *Id.* If not, the ALJ advances to step four. *Id*. Before step four, however, the ALJ must assess the plaintiff's RFC. *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). The ALJ uses this RFC for steps four and five. At step four, the plaintiff must demonstrate that her impairment prevents her from performing her past work. *Williams*, 844 F.2d at 751. If this showing is made, the ALJ moves to the fifth and final step. *Id.* Here, the burden shifts to the ALJ. *Id*. The ALJ must—considering the plaintiff's RFC and vocational factors of age, education and work experience—show that the plaintiff can perform some work that exists in large numbers in the national economy. *Id*.

**III. Analysis**

**A. The Administrative Decision**

The ALJ conducted a hearing where he and plaintiff's counsel asked questions of plaintiff and a Vocational Expert ("VE"). The ALJ then issued his decision, determining that plaintiff met the insured status requirements of the Social Security Act through June 30, 2011. (R. at 16.) The ALJ also found that plaintiff had not engaged in substantial gainful activity since April 13, 2005, the alleged onset date.[2] (*Id*.) Based on evidence in the record, the ALJ concluded that plaintiff suffers from the following severe impairments:

> [D]iabetes mellitus, type I; status-post cervical spine surgery; degenerative disc disease of the cervical spine; status-post left shoulder surgery; status-post right shoulder surgery; bilateral carpal tunnel syndrome; left knee impairment; status-post left knee surgery; bilateral lower extremity diabetic mellitus neuropathy; osteoarthritis (past medical history); mood disorder not otherwise specified; depressive disorder; bipolar disorder; dysthymia; anxiety disorder; and personality disorder not otherwise specified.

(*Id*. at 16.) The ALJ found that plaintiff did not have an impairment or combination of impairments listed in or medically equal to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 17–19.)

The ALJ determined that plaintiff retained the RFC to perform a reduced range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a), in that plaintiff:

> [C]an lift 10 pounds occasionally and frequently; stand and/or walk for 2 hours out of an 8 hour work day, sit for up to 6 hours out of an 8 hour work day, push and pull the same weights; except, the claimant is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, but must avoid climbing ladders, ropers and scaffolds; he is limited to occasional overhead reaching with the upper extremities and must avoid handheld vibrating tools. He must avoid even moderate exposure to cold temperature extremes and vibration; is limited to occupations which do not require exposure to dangerous machinery and unprotected heights; is limited to simple routine repetitive tasks, not performed in a fast-paced production environment, involving only simple work-related decisions and occasional interaction with co-workers and the general public; he is also limited to occupations which will allow him to raise both feet to no more than foot-stool level as needed.

(*Id*. at 19.)

---

[2] Plaintiff's brief, as well as the decision of the ALJ, provide April 13, 2005 as the alleged onset date. However, as pointed out in the Commissioner's brief, plaintiff amended his alleged onset date to September 1, 2007. (R. at 48.) The ALJ should also address this discrepancy on remand.

The ALJ concluded that plaintiff could not perform past relevant work. (*Id*. at 26.) Nevertheless, the ALJ determined that plaintiff would be able to perform other work existing in significant numbers in the national economy. (*Id*. at 27–28.) Finally, the ALJ found that plaintiff had not been under a disability from April 13, 2005, to the date of the decision. (*Id*. at 28.)

**B. Plaintiff's Claim**

Plaintiff argues that the ALJ failed to properly conduct the analysis mandated by Social Security Ruling 96-8p, resulting in an arbitrary RFC. Specifically, plaintiff argues that the RFC is not explicitly related to any specific medical evidence or testimony and that the ALJ did not properly consider the medical opinion evidence. Plaintiff further contends that the ALJ failed to provide any reasonable narrative discussion as to how the medical evidence supports his conclusions.

In determining a plaintiff's RFC, Social Security Ruling 96-8p requires the ALJ to include a narrative discussion indicating how the evidence supports each conclusion. 1996 WL 374184, at *7 (July 2, 1996). The ALJ must cite to specific medical facts and nonmedical evidence. *Id*. An ALJ's determination of a plaintiff's RFC must consider and address medical source opinions. *Id*. The ALJ must explain why an opinion was not adopted if there is any conflict between the RFC assessment and a medical source opinion. *Id*. Further, an ALJ must adequately explain his opinion to enable meaningful review. *Spicer v. Barnhart*, 64 F. App'x 173, 177–78 (10th Cir. 2003) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)). The ALJ must carefully consider all of the relevant evidence and link his findings to specific evidence; it is insufficient for the ALJ to provide only a general discussion of the evidence, while failing to link the evidence to his conclusions. *See id*. (citing *Clifton*, 79 F.3d at 1009).

Plaintiff's brief argues that the ALJ erred in considering a number of medical opinions in arriving at plaintiff's RFC. Most pertinent here are the opinions of Drs. Edward Prostic and Paul Stein.

As plaintiff points out, the ALJ provided a conclusory statement regarding both of these opinions. In determining the amount of weight to give to both of these opinions, the ALJ stated the following:

> In assessing the opinion of Edward Prostic (exhibit 4F), a consultative examiner, the undersigned notes that **the evidence received at the hearing level**, showed that the claimant was more limited than Dr. Prostic originally thought. Thereby, this opinion is given less weight.
>
> The undersigned basically agrees with Dr. Paul Stein's opinion that the claimant should avoid activity requiring repetitive bending or twisting of the neck; however, Dr. Stein's opinion regarding the claimant's lifting and working above shoulder level, is **inconsistent with the evidence received at the hearing level**. Thereby, this opinion is given little weight.

(R. at 25 (emphasis added).)

Plaintiff alleges that the ALJ erred in his failure to point to what evidence he received at the hearing level that resulted in either of these determinations. The court agrees. It is true that the ALJ discussed the substance of both Dr. Prostic's and Dr. Stein's opinions earlier in his decision. However, the court is unable to provide a meaningful review of the ALJ's decision regarding the amount of weight given to these two medical opinions without knowing upon what evidence at the hearing level the ALJ relied.

Although not entirely clear, it appears that in the passage quoted above, the ALJ was discussing the opinion of Drs. Prostic and Stein regarding plaintiff's lifting limitations. The ALJ had earlier discussed Dr. Prostic's opinion that plaintiff should not lift weights greater than 40 pounds to waist height or 20 pounds to shoulder height and should not be doing overhead activities. (R. at 20.) The ALJ had also discussed Dr. Stein's opinion that plaintiff should lift no more than 30 pounds and do no work above shoulder level. (R. at 20.) Given these facts, the court could look to the ALJ's discussion of plaintiff's hearing testimony "that he is capable of lifting up to 10 pounds maximum" and reasonably determine that this was the testimony that the ALJ considered in finding that the opinions of Drs. Prostic and Stein were inconsistent with evidence at the hearing level. (R. at 25.)

And that the RFC limits plaintiff to lifting 10 pounds occasionally and frequently further supports this conclusion. (R. at 19.)

However, after reviewing plaintiff's hearing testimony, the court did not find a statement by plaintiff that he can lift no more than 10 pounds. Instead, the court located only one statement in the hearing transcript by plaintiff regarding lifting restrictions, in which plaintiff states that he had been told not to lift more than 5 pounds above his waist.[3] (R. at 66 ("Well, don't lift anything but five pounds over my waist . . . [a]nd not a bunch of lifting above my head . . . .").)

As a result, if the ALJ gave "less" or "little" weight to these opinions based on an inaccurate understanding that plaintiff testified he could lift no more than 10 pounds, and then determined plaintiff's RFC based on this information, then the RFC may be inaccurate. The hypothetical posed by the ALJ to the VE did not specifically mention the "10 pounds" figure; however, the ALJ may need to alter his hypothetical if the RFC was inaccurate. On the other hand, if the ALJ was referring to evidence other than plaintiff's testimony that he could only lift 5 pounds in determining how much weight to give to these opinions, then the court is unable to evaluate whether his conclusion is supported by substantial evidence.

Without knowing what evidence received at the hearing level played a role in the ALJ's decision, the court cannot provide a meaningful review of the ALJ's decision to give Drs. Prostic and Stein's opinions "less" or "little" weight. *See Clifton*, 79 F.3d at 1009 ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion . . . and whether he applied the correct legal standards to arrive at that conclusion."). Therefore, the court remands this matter for a more complete explanation of the weight given Drs. Prostic and Stein's opinions—and the specific evidence received at the

---

[3] The hearing transcript does include a statement by plaintiff's attorney in his opening statement that plaintiff can lift no more than 10 pounds. However, the attorney's opening statement is not evidence.

-7-

hearing level upon which the ALJ relied. The ALJ's decision should also consider whether the RFC is accurate given plaintiff's hearing testimony regarding his lifting limitations.

As noted above, plaintiff argues the ALJ erred in addressing and weighing several other medical opinions in his RFC determination. Because remand may necessitate reassessment of plaintiff's RFC and reweighing of these additional medical opinions, the court will not address them here. To the extent necessary, the ALJ may address these arguments on remand.

## IV. Conclusion

The court is unable to conclude that the ALJ's decision regarding plaintiff's RFC is supported by substantial evidence in the record. Based on the above analysis, the court reverses and remands the decision of the ALJ.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed and remanded pursuant to 42 U.S.C. § 405(g) for further analysis in accordance with this Memorandum and Order.

Dated this 4th day of September, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**